UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL #378696,

       Plaintiff,                Case No.  05-71393

v.                                 District Judge Denise Page Hood
                                    Magistrate Judge R. Steven Whalen

WILLIAM ADAMS, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies [Docket #16], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that the Motion be GRANTED, and the Complaint DISMISSED WITHOUT PREJUDICE.

      **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections (MDOC).  His *pro se* civil rights Complaint [Docket #2], originally filed in the Western District of Michigan, was transferred to this Court in April, 2005.  In his Complaint, written on a form provided by the MDOC, the Plaintiff alleges in Section III that he exhausted all

-1-

administrative remedies, enumerating four MDOC grievance numbers, and stating that all four grievances were appealed and denied through Step III of the grievance process. However, no grievance documentation is attached to the Complaint.

On August 30, 2005, Defendant filed the present Motion to Dismiss. On September 1, 2005, the Court sent Plaintiff a Notice directing him to file a written response on or before November 15, 2005. To date, Plaintiff has not filed a response.

## II. THE EXHAUSTION REQUIREMENT

### A. General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001). In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion. Furthermore, exhaustion must be affirmatively pled in the complaint. *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of. If a particular defendant has not been specifically named in a

grievance, the claim as to that defendant has not been exhausted. In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

### B.    The MDOC Grievance Procedure

The MDOC provides prison inmates a detailed procedure for bringing forward complaints, which is set forth at MDOC Policy Directive (PD) 03.02.130. This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form within five days, and has an additional five days to file it.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process. However, the Policy Directive also provides that in special cases, such as where an inmate alleges racial discrimination or

staff brutality or corruption, an inmate may file a grievance directly to Step III. Upon receipt of a grievance filed directly at Step III, the Prisoner Affairs Section will either respond directly to the grievance, request an investigation, or return the grievance to the inmate with instructions to file it at Step I and follow the complete appeal procedure.

### III.   ANALYSIS

Although Plaintiff has pled exhaustion in his Complaint, he has provided no documentation detailing what grievances were filed, who was named, or what conduct was complained of. Thus, the Court has no way of knowing if the Plaintiff has in fact exhausted his administrative remedies as to the specific allegations in the Complaint against this specific Defendant. More to the point, Plaintiff has failed to comply with the requirement of §1997e(a) that he submit documentation showing exhaustion. *Brown v. Toombs, supra; Baxter v. Rose, supra*. Nor has he responded to the Defendant's Motion to Dismiss.

Accordingly, this Court must dismiss the Complaint without prejudice.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Docket #16] be GRANTED and the Complaint DISMISSED WITHOUT PREJUDICE, pursuant to 42 U.S.C. §1997e(a).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 1, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 1, 2006.

s/Gina Wilson<br>
Judicial Assistant